*NOT FOR PUBLICATION*

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. CROIX
                APPELLATE DIVISION
```

| | |
|---|---|
| EDGARDO ORTIZ JR., | ) D.C. CRIM. APP. NO. 2004/152 |
| Appellant, | ) Re: Sup.Ct.Crim. 292/2003 |
| v. | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: June 15, 2007
Filed: February 26, 2008

**BEFORE:** **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH,** Judge of the District Court of the Virgin Islands; and **AUDREY THOMAS**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

**ATTORNEYS:**

**Emile Henderson, Esq.**
St. Croix, U.S.V.I.
        Attorney for Appellant.

**Maureen Phelan, AAG**
St. Thomas, U.S.V.I.
        Attorney for Appellee.

*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 2

## Memorandum Opinion

**Per Curiam.**

This matter is before the Court on Attorney Emile Henderson's *Anders* brief; Amended Notice Seeking to waive Appellant's Right to Direct Appeal and Motion to Withdraw as Counsel.

**I. Issues Presented**

1. Whether there is anything in the record that might arguably support Appellant's appeal.

2. Whether counsel should be allowed to withdraw from this matter.

**II. Facts and Procedural Posture**

Appellant's, Edgardo Ortiz Jr. ("Ortiz" or "Appellant"), conviction arose out of an altercation originating at the "Players Club" night club on St. Croix. As a result of the altercation, Ortiz shot a firearm at several individuals. After a trial in the matter, a jury found Ortiz guilty of all seven counts of the Amended Information.[1] Following his conviction, Ortiz filed his Motion for Judgment of Acquittal of Count V of the Amended Information. Specifically, Ortiz challenged the

---

[1] Ortiz was charged with: four counts of assault in the third degree, one count of possession of a firearm during a crime of violence, one count of unauthorized possession of a firearm and one count of unauthorized possession of ammunition.

*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 3

unauthorized possession of ammunition statute as void for vagueness. On November 30, 2004, the Superior Court denied Ortiz' Motion for Judgment of Acquittal. This timely appeal followed.

Ortiz was formerly represented in this court, by Territorial Public Defender, Debra S. Watlington, Esq., who filed an *Anders* brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967) (citations omitted). Therein, Attorney Watlington argued that ethical conflicts prohibited her continued representation of Ortiz. Subsequently, Attorney Watlington was permitted to withdraw and on May 20, 2005, Attorney Emile Henderson, ("Attorney Henderson" or "counsel"), was appointed as counsel.

On September 28, 2005, Attorney Henderson filed an Amended Notice to the Court *Nunc Pro Tunc* to September 26, 2005, through which he memorialized his intention to waive Appellant's right to a direct appeal and gave notice of his intent to challenge the efficacy of trial counsel pursuant to 28 U.S.C. § 2255 in the Superior Court. Moreover, counsel gave notice that he intended to rely on the *Anders* brief previously filed.

On October 23, 2006, this Court directed counsel to file an *Anders* brief that reflected a conscientious effort to comb the trial record for appealable issues, before concluding that the appeal is frivolous. *See Anders*, 386 U.S. at 744. On December 27, 2006, Attorney Henderson filed his *Anders* brief and

*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 4

Motion to Withdraw as Counsel and served both on Appellant in accordance with *Anders*.

### III. Discussion

#### A. Jurisdiction and Standard of Review

This court has jurisdiction to consider judgments and orders of the Superior Court in criminal cases. Revised Organic Act § 23A, 48 U.S.C. § 1613a.[2] We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statutes. However, we afford the more deferential clear error review to factual determinations. *See Gov't of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001).

#### B. Whether the record supports any appealable issues

Under *Anders*, counsel seeking to withdraw must submit a brief which refers "to anything in the record that might arguably support an appeal," along with reasoning to support the conclusion that the issues are frivolous. *Anders*, 386 U.S. at 744[3]; *see also Maddox v. Gov't of Virgin Islands*, 121 F. Supp. 2d

---

[2] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541- 1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I.CODE ANN. tit. 1) ["Revised Organic Act"].

[3] The Virgin Islands Local Rule of Appellate Procedure does not require conformity with *Anders*. Nevertheless, the Sixth Amendment right to assistance of counsel is made applicable to the Virgin Islands by section 3 of the Revised Organic Act, 48 U.S.C. § 1561, and we are guided by cases, such as

*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 5

457, 460 (D.V.I. App. Div. 2000).

Our evaluation of counsel's *Anders* brief consists of the following: "(1) whether counsel adequately fulfilled *Anders'* requirements and (2) whether an independent review of the record presents any non-frivolous issues." *Id.* Regarding the first issue, when an attorney submits an *Anders* brief, his duties are (1) to demonstrate to the Court that he has thoroughly examined the record for appealable issues and (2) to demonstrate that the issues are frivolous. *Id.*

In this his second attempt to withdraw, counsel identifies three possible issues to be raised[4] and concludes that only one appealable issue exists. (*Anders* Brief p. 9-12.) Specifically, counsel argues that Appellant's Sixth Amendment Right to effective assistance of counsel may have been compromised. Claims of ineffective counsel are generally not entertained on direct appeal. *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1988). Except where the ineffectiveness is plain on the face of the record, "the proper avenue for pursuing such claims is

---

*Anders*, which set forth procedures to safeguard this right. *Maddox v. Gov't of the Virgin Islands*, 121 F. Supp. 2d 457, 459 (D.V.I. 2000).

[4] Counsel identifies the following arguments as appealable issues 1) whether the court erred in allowing the testimony of the Government's firearm expert before the expert was qualified before the court to offer such testimony; 2) whether the trial court erred in allowing testimony of Joan Clark (registered owner of the vehicle alleged to have been involved in the incident) when Appellant was never charged with unauthorized use of a vehicle; and 3) whether Appellant's Sixth Amendment right to effective assistance of counsel was violated. (Appellant's Brief p. 9.)


*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 6

through a collateral proceeding in which the factual basis for the claim may be developed." *United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989). Thus, counsel seeks to waive Appellant's right to direct appeal and pursue relief only through a collateral ineffective assistance of counsel attack.[5]

However, a reviewing court may not simply accept counsel's assessment of the appeal, but rather has a responsibility to conduct an independent examination of the proceedings "to decide whether the case is wholly frivolous..." *Maddox*, 121 F. Supp.2d at 459-460. An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)(citing *Anders*, 386 U.S. at 744). After an independent review of the record, we find that there is one other issue "that might arguably support appeal." *See Anders*, 386 U.S. at 744; *Maddox v. Gov't of the Virgin Islands*, 121 F. Supp. 2d 457, 460 (D.V.I. 2000). Namely, Appellant's contention, raised in his February 24, 2004 Motion for Judgment of Acquittal of Count V of the Amended Information.[6] (J.A. pp. 17-31.) Therein, Appellant claims that the unauthorized

---

[5] *See* Appellant's Amended Notice to the Court Nunc Pro Tunc to September 26, 2005.

[6] The trial court denied Appellant's Motion for Judgment of Acquittal on November 30, 2004. (J.A. pp. 46-48.)

*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 7

possession of ammunition statute is void for vagueness.[7] *Id.* (J.A. pp. 46-48.)

Counsel identified Appellant's Motion for Acquittal in his recitation of the facts,[8] however, he failed to evaluate its merits in his brief. It is well established that counsel must not only identify or raise issues, but must also explain to the court why the issues are frivolous. *Id.*; *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); *United States v. Berberena*, 93 Fed. Appx. 434, 435 (3d Cir. 2004). In this matter, counsel has not explained why Appellant's challenge to the unauthorized possession of ammunition statute is a frivolous, non-meritorious basis for appeal.

It is not necessary for us to hold that this issue presents a meritorious basis for reversal. *Maddox*, 121 F. Supp. 2d at 460. Rather, this issue goes to whether counsel's *Anders* brief and motion to withdraw sufficiently refer to anything in the record that might arguably support the appeal. *Id.* We recognize that counsel need not, in an *Anders* brief, raise and reject every possible complaint. *United States v. Marvin*, 211 F.3d 778, 780

---

[7] A statute is void for vagueness under the Constitution where the statute fails to give adequate notice to citizens and the statute is susceptible to arbitrary enforcement. *Gov't of the Virgin Islands v. Ayala*, 29, V.I. 123, 125 (D.V.I. 1993).

[8] Appellant's Brief p. 4.

*Edgardo Ortiz v. Government of the Virgin Islands*
D.C. Crim. APP. NO. 2004/0152
Memorandum Opinion
Page 8

(3d Cir. 2000). However, counsel's *Anders* brief at minimum must assure us that [counsel] has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary." *Id.* Accordingly, we reject counsel's *Anders* brief.

### C. Whether counsel should be allowed to withdraw from this matter

Finding Attorney Henderson's brief is not in conformity with *Anders*, we nonetheless will grant his motion to withdraw. *Youla*, 241 F.3d at 302; *see Maddox*, 121 F.Supp.2d at 460; *see also United States v. Orozco*, 98 F.3d at 106 (3d Cir. 1996)(granting counsel's *Anders* motion to withdraw where the brief was inadequate, and appointing new appellate counsel to examine the non-frivolous issue); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (noting counsel's withdrawal warranted where *Anders* brief reflected no evidence of zealous advocacy).

### IV. Conclusion

For the foregoing reasons, Attorney Henderson's brief is not in conformity with *Anders*; nonetheless, we will grant his motion to withdraw. The Court will appoint new counsel to continue to represent Mr. Ortiz, thereby safeguarding his Sixth Amendment right to the assistance of effective appellate counsel.

Consequently, we shall order the Clerk to discharge current counsel, appoint substitute counsel, restore the case to the calendar, and fix a subsequent briefing schedule.