*FOR PUBLICATION*

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**
**APPELLATE DIVISION**

| | |
|---|---|
| EDGARDO ORTIZ, JR., | ) D.C. CRIM. APP. NO. 2004/152 |
| Appellant, | ) Re: Sup.Ct.Crim. 292/2003 |
| v. | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| Appellee. | ) |

10 FEB 26 P2:12

On Appeal from the Superior Court of the Virgin Islands

**Considered: July 10, 2009**
**Filed: February 26, 2010**

**BEFORE:** **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **AUDREY L. THOMAS**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

**ATTORNEYS:**

**Amelia Joseph, Esq.**
St. Croix, U.S.V.I.
Attorney for Appellant.

**Dolace McLean, Esq. AAG**
St. Thomas, U.S.V.I.
Attorney for Appellee.

**Per Curiam.**

## Memorandum Opinion

Appellant, Edgardo Ortiz, Jr. ("Ortiz" or "Appellant") raises one question for our consideration, whether the evidence adduced at trial was sufficient to prove that his possession of ammunition was unauthorized. For the reasons cited below, we vacate Ortiz' conviction for unauthorized possession of ammunition and remand for re-sentencing.

**I. FACTUAL AND PROCEDURAL POSTURE**

On the evening of August 7, 2003, Ortiz shot several rounds of ammunition at four individuals, after an altercation originating at the "Players Club" night club in the Diamond Crest Plaza on St. Croix.

Witnesses called 911. The Virgin Islands Police Department responded and arrived at the scene. Shortly thereafter, the victims identified Ortiz as the shooter and investigating officers recovered spent ammunition cartridges from the roadside.

On August 8, 2003, Ortiz was charged in a seven-count amended information with: four counts of third degree assault (counts I-IV); one count of unauthorized possession of ammunition (count V)[1] ; one count of unauthorized possession of an

[1] V.I. Code Ann tit. 14, § 2256(a)(2002), provided in pertinent part that,

unlicenced firearm (count VI); and one count of possession of a dangerous weapon during the commission of a crime of violence (count VII). After a two day trial in 2004, a jury found Ortiz guilty of all seven counts of the amended information.

Following his conviction, Ortiz moved for acquittal on the unauthorized possession of ammunition charge (count V) and challenged the Virgin Islands' possession of ammunition statute as void for vagueness.[2] On November 30, 2004, the trial court denied Ortiz' motion.[3]

The Court subsequently sentenced Ortiz to 3 years imprisonment on each of the four assault counts(plus a $2,000

---

> (a) Any person, who unless authorized by law, possesses, sells, purchases, manufactures, advertises for sale, or uses any firearm ammunition shall be guilty of a felony and shall be fined not less than $ 10,000 and imprisoned not less than seven years.

*Id.* On March 5, 2005, over one year after Ortiz' arrest and conviction, Act No. 6730, § 27(1) amended 14 V.I.C. § 2256(a), *inter alia*, by lowering the maximum fine from $10,000.00 to $5,000.00. *See* 2005 V.I. Sess. Laws 6730, § 29, p. 106.

[2] The Virgin Islands Legislature has since enacted a statute that prevents a felon from obtaining a license to possess or carry ammunition, *see* 23 V.I.C. § 456a (2009), that law was also not enacted until March 5, 2005. *See* 2005 V.I. Sess. Laws 6730, § 29, pp. 106-108; *see also Gov't. of the Virgin Islands v. Turbe*, 304 Fed. Appx. 76, 79 (3d Cir. 2008).

[3] On November 30, 2004, the Superior Court memorialized its denial of Ortiz' motion for judgment of acquittal.

fine, $500 for each assault count); 3 years imprisonment on the ammunition count; 15 years imprisonment on the firearm count (plus a $25,000 fine); and 7 and a half years imprisonment on the possession of a firearm during the commission of a crime of violence count (plus a $10,000 fine). The ammunition and firearm sentences were ordered to run concurrently. This timely appeal followed.[4]

**II. JURISDICTION AND STANDARD OF REVIEW**

This Court has jurisdiction to consider judgments and orders of the Superior Court in criminal cases. Revised Organic Act § 23A, 48 U.S.C. § 1613a.[5] We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statutes. *See Gov't. of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001). However, we afford the more deferential clear error review to factual

---

[4] Ortiz was formerly represented by counsel, who on December 27, 2006 sought to withdraw as Ortiz' counsel and filed an *Anders* brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967) (citations omitted). We rejected former counsel's *Anders* brief. A substantive brief was subsequently filed by Ortiz' current appointed counsel on April 15, 2008.

[5] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541- 1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I.CODE ANN. tit. 1) ["Revised Organic Act"].

determinations. *Id.*

We afford plenary review to the lower court's denial of a post-verdict motion for judgment of acquittal, using the same standard the lower court should have employed in the first instance. *See Gov't. of V.I., v. Sampson*, 94 F. Supp.2d 639, 641 (D.V.I. App. Div. 2000); *Walters v. Gov't. of V.I.*, 36 V.I. 101, 103 (D.V.I. App. Div. 1997). Under that standard, this Court must determine whether the evidence of record, viewed in a light most favorable to the Government, was sufficient to permit a reasonable jury to find the defendant guilty of the charged crime beyond a reasonable doubt. *See Sampson*, 94 F. Supp. 2d at 641-43. In reviewing the Appellant's challenge to the sufficiency of the evidence, this Court will not assess the credibility of witnesses or re-weigh the evidence but, rather, is held to the jury's verdict absent a showing the prosecution failed to carry its burden to establish the essential elements of the crime at trial. *See id.* at 643.

Ortiz' challenge to the trial court's denial of his motion for judgment of acquittal requires us to determine, while viewing the evidence in the light most favorable to the Government, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Kellogg*, 510 F.3d 188, 202 (3d Cir. 2007). It is Ortiz' burden to

show a complete failure of the prosecution to establish the essential elements of the claim. *See United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992).

**III. DISCUSSION**

A jury found Ortiz guilty of unauthorized possession of ammunition. Unauthorized possession of ammunition is proscribed in section 2256(a) of Title 14 of the Virgin Islands Code, which provides in pertinent part that, "[a]ny person, who unless authorized by law, possesses, sells, purchases, manufactures, advertises for sale, or uses any firearm ammunition shall be guilty of a felony. . ." V.I. Code Ann. tit. 14, § 2256(a)(2004)(emphasis added). To succeed on the ammunition count, the Government was required to prove, and the jury required to find beyond a reasonable doubt, that Ortiz was not "authorized by law" to possess firearm ammunition. *See* 14 V.I.C. § 2256(a); *United States v. Daniel*, 518 F.3d 205, 208 (3d Cir. 2008).

However, in 2003, when Ortiz was arrested, the Virgin Islands' statutory scheme did not provide a licensing or authorization procedure to possess ammunition.[6] *Daniel*, 518 F.3d at 208. Instead, the applicable licensing provision prohibited

---

[6] *See* 14 V.I.C. § 2256 (2004).

dealers from selling ammunition to persons without a firearm licence.[7] *Id.* at 209; *see also* V.I. Code Ann. tit. 23, § 466 (prohibiting ammunition dealers from selling ammunition to persons unauthorized to possess firearms). The provision, however, did not restrict an individual's possession of ammunition. *See id.*

In *United States v. Daniel*, the Third Circuit reversed the defendant's conviction under section 2256(a) after holding that the Government's evidence of the defendant's lack of a firearm license was insufficient to prove that the defendant was also unauthorized to possess ammunition. 518 F.3d at 209. In *Daniel*, the Third Circuit unequivocally held that Virgin Islands courts cannot combine the offense of unlawful possession of ammunition established by Title 14 with the firearm licensing provisions set

[7] "Under Virgin Islands law, certain persons may lawfully possess a firearm 'provided a license for such purpose has been issued by the [Police] Commissioner of the Virgin Islands ...'" *Id.* at 209; V.I. Code Ann. tit. 23, § 454; Virgin Islands law also establishes specific requirements for obtaining a license. *Id.; see, e.g.*, V.I. Code Ann. tit. 23, § 455 (application for firearm license); V.I. Code Ann. tit. 23, § 456 (qualifications of applicant); V.I. Code Ann. tit. 23, § 457 (contents of license). *Id.* It is also quite true that Virgin Islands law prohibits a dealer in firearms or ammunition from selling ammunition to anyone without a firearms license. *Id.;* 14 V.I.C. § 466 ("No dealer in firearms or ammunition shall sell any quantity of ammunition to any person failing to present a firearm license").

forth in Title 23.[8] *Id.*(the Government cannot substitute evidence of a lack of authorization to possess a firearm with the requisite proof of lack of authorization to possess ammunition).

At the time of Ortiz' arrest, the Virgin Islands legislature had not defined a type of ammunition possession that was presumptively unauthorized.[9] *See id.* at 208. Hence, there was insufficient evidence at trial for a rational jury to conclude that Ortiz was unauthorized to possess ammunition. *See Daniel*, 518 F.3d at 208. Given the Third Circuit's precedential holding in *Daniel*, we vacate Ortiz' conviction on the ammunition count and remand for re-sentencing. *See Gov't of V.I. v. Turbe*, 304 Fed. Appx. 76, 79 (3d Cir. 2008).

**D. Sentencing**

The Superior Court ordered Ortiz to serve concurrent sentences on count V (unauthorized possession of firearm

---

[8] In *Daniel*, courts are also cautioned against construing the clause 'unless otherwise authorized by law' in section 2256(a) as meaning "unless possessing a license to possess ammunition" because Virgin Islands law did not provide for the licensing of ammunition. *See id.*

[9] Although the legislature has since enacted a statute that prevents a felon from obtaining a license to possess or carry ammunition, *see* V.I.Code Ann. tit, 23 § 456a (2005), that law was not enacted until 2005, approximately two years after Ortiz' arrest. 2005 V.I. Sess. Laws 6730 § 29; *see also Turbe*, 304 Fed. Appx. at 79.

ammunition) and count VI (possession of an unlicensed firearm).[10] Given the close relations between the underlying criminal transaction, there is a significant risk that Ortiz' invalid possession of ammunition conviction may have adversely affected the trial court's discretionary sentencing considerations on the valid unauthorized possession of a firearm conviction.[11] We

---

[10] We recognize that under that concurrent sentence doctrine, where an appellate court invalidates the conviction of one count in a multi-count conviction, the court may avoid the resolution of legal issues affecting less than all of the counts where at least one count has been upheld and the sentences are concurrent. *United States v. Lampley*, 573 F.2d 783, 788 (3d Cir. 1978)(citing *Hibayashi v. United States*, 320 U.S. 81, 85 (1943)(citations omitted)); *United States v. Cury*, 313 F.2d 337, 342 (3d Cir. 1963). The doctrine clearly involves a matter of discretion. *Barnes v. United States*, 412 U.S. 837 (1973)(citations omitted). The concurrent sentence doctrine, however, applies only where there is no substantial possibility that the unreviewed conviction will adversely affect future parole. *United States v. Keller*, 512 F.2d 182, 185 n.8 (3d Cir. 1975) ; *United States v. Daley*, 564 F.2d 645, 647 n.2 (2d Cir. 1977); *United States v. Alfrey*, 620 F.2d 551, 557 (5th Cir. 1980). In this case, there is a substantial possibility that the intertwined, unreviewed conviction will adversely affect Ortiz' parole eligibility based on the trial court's sentencing scheme.

[11] In a direct appeal from multiple-count criminal convictions, where the several sentences are interdependent, an appellate court may remand all sentences even if only one is reversed on appeal. *United States v. Busic*, 639 F.2d 940, 947 (3d Cir.), cert. denied, 452 U.S. 918 (1981)(citations omitted); *see also Turbe*, 304 Fed. Appx. at 79. As it now stands, Ortiz' sentences on counts V and VI are so entwined between valid and invalid sentences and the effect on any possible future parole so uncertain that Ortiz' sentences on both counts are remanded for re-sentencing. *Id.; see, e.g.*, *United States v. Rosen*, 764 F.2d 763, 767 (11th Cir. 1985).

therefore vacate both Ortiz' conviction and sentence on count V. We vacate *only* Ortiz' sentence on count VI; and remand for re-sentencing on both counts V and VI. (J.A. 13-14, 323-326.); *see Turbe*, 304 Fed. Appx. at 79 (*citing United States v. Levy*, 865 F.2d 551, 559 n.5 (3d Cir. 1989)(where one of the sentences imposed on related counts is invalid and the sentences arise from the same criminal transaction, it is appropriate to vacate the valid sentence in order to afford the trial judge an opportunity to properly exercise his sentencing discretion and to reduce the possibility of irrational sentencing).

## V. CONCLUSION

For the reasons cited above, we **VACATE** Ortiz' conviction **and** sentence on count V (unauthorized possession of ammunition). Solely for the purpose of re-sentencing, we **VACATE** only Ortiz' sentence on count VI (unauthorized possession of a firearm). We **REMAND** to the Superior Court for re-sentencing on counts V and